UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

TONJA H.,[1]

                                        Plaintiff,         Case # 20-cv-01219-FPG

v.                                                                  DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,
                                        Defendant.
───────────────────────────────────────

## INTRODUCTION

On May 9, 2017, Plaintiff Tonja H. protectively applied for Disability Insurance Benefits under Title II of the Social Security Act (the "Act") and Supplemental Security Income under Title XVI of the Act. Tr.[2] 33. The Social Security Administration (the "SSA") denied her claim and Plaintiff appeared at a hearing before Administrative Law Judge William M. Weir (the "ALJ") on July 24, 2019. Tr. 19. At the hearing, Plaintiff and a vocational expert testified. Tr. 19. On September 6, 2019, the ALJ issued an unfavorable decision. Tr. 17. On July 9, 2020, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the SSA. Tr. 5. Plaintiff then appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 10, 11. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and the ALJ's decision is REMANDED to the Commissioner for further administrative proceedings.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only her first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 9.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

**LEGAL STANDARD**

I.   **District Court Review**

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

II.  **Disability Determination**

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

## DISCUSSION

**I.     The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits using the process described above.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 1, 2013, the alleged onset date.  Tr. 22.  At step two, the ALJ found that Plaintiff has the following severe impairments: posttraumatic stress disorder ("PTSD"); degenerative joint disease of the right shoulder; and obesity.  *Id*.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments.  Tr. 23.

Next, the ALJ determined that Plaintiff maintained the RFC to perform "light work."  Tr. 25.  However, the ALJ found that Plaintiff had several non-exertional limitations including that Plaintiff would be "limited to simple, repetitive, one-and two-tasks, and cannot perform complex work, defined as work involving multiple simultaneous goals or objectives with the need to independently set quality, quantity, or method standards."  *Id*.  Plaintiff would need to have "one change per day in general work task or setting […] and could not have public contact, but [could] have occasional co-worker and supervisory contact."  Tr. 25-26.  In addition, Plaintiff had several exertional limitations, including that Plaintiff could "only occasionally bend, stoop, climb ramps or stairs, or reach overhead with the dominant extremity."  Tr. 26.  Plaintiff also could not "climb ladders, ropes, or scaffolds."  *Id*.

At steps four and five, the ALJ concluded that there were jobs that existed in the economy that Plaintiff could perform including, for example, jewelry stringer and sock ironer.  Tr. 32.  As such, the ALJ found that Plaintiff was not disabled.

**II.     Analysis**

Plaintiff argues that remand is warranted because the ALJ relied upon stale medical opinions and his own lay opinion in determining Plaintiff's RFC. *See* ECF No. 10-1 at 1. More specifically, Plaintiff contends that the only two physical examinations on which the ALJ relied in determining Plaintiff's RFC were stale because they did not assess physical impairments caused by a motor vehicle accident that occurred after the two examinations. ECF No. 10-1 at 11. For the reasons set forth below, the Court agrees remand is appropriate.

As a general matter, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order). "Medical opinions that are stale … and based on an incomplete medical record may not be substantial evidence." *Camille v. Colvin*, 104 F. Supp. 3d 329, 343 (W.D.N.Y. 2015), *aff'd*, 652 Fed. App'x 5 (2d Cir. 2016) (summary order). "While the mere passage of time does not necessarily render a medical opinion outdated or stale, subsequent surgeries and treatment notes indicating a claimant's condition has deteriorated may." *Moon v. Comm'r of Soc. Sec.*, No. 17-CV01312-MAT, 2019 WL 2240235, at *6 (W.D.N.Y. May 24, 2019) (ALJ should not have relied on a medical opinion in part because it "was 1.5 years stale" as of the plaintiff's hearing date and "did not account for her deteriorating condition")); *Carney v. Berryhill*, No. 16-CV-269-FPG, 2017 WL 2021529, at *6 (W.D.N.Y. May 12, 2017) ("A medical opinion may be stale if it does not account for the claimant's deteriorating condition."). "A more dated opinion may constitute substantial evidence if it is consistent with the record as a whole notwithstanding its age." *Biro v. Comm'r of Soc. Sec.*, 335 F. Supp. 3d 464, 469-70 (W.D.N.Y. 2018) (concluding that ALJ's decision incorporating opinion from source rendered before surgeries and before condition worsened was not based on substantial evidence).

Here, in assessing Plaintiff's RFC, the ALJ first discussed the medical opinion of consultative examiner Dr. John Schwab. Tr. 30. On October 20, 2017, approximately one year before the accident, Dr. Schwab conducted an examination of Plaintiff's physical functioning and limitations. Tr. 30. Dr. Schwab opined that Plaintiff had a "mild restriction to [bending], lifting, and carrying heavy objects," and should "avoid any respiratory irritants." *Id*. The ALJ explained that he found Dr. Schwab's opinion "generally persuasive" because it was "generally consistent with [other] examination findings." *Id*.

Next, the ALJ discussed the opinion of consultative examiner Dr. Jeannie Koenig. Tr. 31. On October 27, 2017, Dr. Koenig opined that Plaintiff was able to "perform medium exertion with frequent climbing, crawling, and stooping," without "concentrated exposure to extremes in temperature," and no "moderate exposure to pulmonary irritants." *Id*. Again, the ALJ found Dr. Koenig's opinion "generally persuasive" because it was "generally consistent with [other] examination findings." *Id*. Dr. Koenig's and Dr. Schwab's opinions are the only opinions in the record that discuss or assess Plaintiff's physical impairments.

The record shows that Plaintiff's condition may have deteriorated thereafter, however. On June 13, 2018, Plaintiff suffered physical injuries during a motor vehicle accident in which she was "T-boned" at an intersection. Tr. 48. After the accident, she visited the emergency room and reported "right knee, right wrist, forearm pain, and "neck and back pain." Tr. 496. In a follow up examination on June 21, 2018, treating physician Dr. Kevin H. Klayman found "no acute fracture or dislocation," but "mild narrowing involving the mid and inferior bilateral neural foramina" and "degenerative changes involving the cervical spine." Tr. 499. Dr. Klayman further noted "degenerative changes involving the lumbar spine" and a "wedge-shaped deformity involving L3." Tr. 500. Dr. Klayman also noted "mild degenerative changes involving the right knee." Tr. 502.

In addition, at her hearing before the ALJ—held approximately one year after the motor vehicle accident—Plaintiff testified that she experienced shoulder pain, a rotator cuff tear that predated the accident but had worsened, and further back pain that prevented her from standing more than two hours.  Tr. 50.

While the ALJ noted in his decision that he believed that Dr. Klayman's examination findings after the motor vehicle accident were "normal," he did not explain why he interpreted those findings as "normal" or otherwise discuss the findings listed above.  Tr. 29.  Moreover, while the ALJ further noted an X-ray of Plaintiff's right shoulder did not reveal physical impairments, the ALJ did not address Plaintiff's other claims of physical impairment—namely, the back and neck injuries described above.  *Id*.  In light of the conflicting record evidence about Plaintiff's condition after the accident, it was incumbent upon the ALJ to articulate his rationale for concluding that Plaintiff recovered, rather than deteriorated, due to her accident.  Only with such a rationale available could the Court then determine that the ALJ's reliance on Dr. Schwab's and Dr. Koenig's opinions was reasonable.  *See, e.g.*, *Ashley W. v. Comm'r of Soc. Sec.*, No. 20-CV-1410, 2022 WL 2955034, at *3 (W.D.N.Y. July 26, 2022) (reliance on older opinion reasonable, despite conflicting evidence about Plaintiff's deteriorating condition, since the ALJ reasonably resolved that conflict to conclude that "Plaintiff did not deteriorate . . . over time").  The ALJ's failure to articulate "how he reconciled [this] conflict[]" in the evidence therefore "frustrates this Court's ability to undertake meaningful review of [his] decision."  *Anderson v. Comm'r of Soc. Sec.*, No. 18-CV-6353, 2019 WL 2295404, at *4 (W.D.N.Y. May 30, 2019).

Accordingly, remand for further proceedings is appropriate, which should include the acquisition of an updated medical opinion assessing Plaintiff's current physical condition.  *See Chastain v. Comm'r of Soc. Sec.*, No. 19-CV-0017-MWP, 2020 WL 3118471, at *5 (W.D.N.Y.

6

June 12, 2020) ("Remand is thus required for the ALJ to obtain an up-to-date medical assessment of [Plaintiff's] functional capacity" in light of impairments that may have developed after last medical opinion).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 10, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 11, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: August 15, 2022
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York