UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TONJA LEE HOPSEKER,

                                Plaintiff,        Case # 20-CV-01219-FPG

v.                                                    DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                Defendant.

## INTRODUCTION

Plaintiff Tonja Lee Hopseker brought this appeal of the Social Security Administration's ("SSA") decision to deny her disability benefits. ECF No. 1. On August 15, 2022, the Court entered a judgment reversing and remanding this case for further administrative proceedings. ECF No. 15. On November 14, 2022, Plaintiff's counsel moved for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, requesting $7,108.74, plus costs in the sum of $400.00. ECF No. 16.

For the reasons below, Plaintiff's counsel's motion is GRANTED and Plaintiff is awarded $7,108.74, plus costs in the sum of $400.00.

## DISCUSSION

The EAJA provides that

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded..., incurred by that party in any civil action [except a tort action], including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

1

28 U.S.C. § 2412(d)(1)(A).  Pursuant to the EAJA, the court shall award fees to a prevailing party in any action brought against the United States, unless the position of the United States was substantially justified or unless special circumstances make an award unjust.  *See* 28 U.S.C. § 2412(d)(1)(A). A plaintiff is deemed to be a prevailing party as defined by the statute upon the entry of an order remanding the case to the Commissioner as was done in this case.  *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).  While the EAJA is silent on the meaning of "substantially justified," the legislative history provides: "The test of whether or not a Government action is substantially justified is essentially one of reasonableness.  Where the government can show that its case had a reasonable basis in law and fact, no award will be made." H.R. Rep. No. 1418, 96th Cong., 2 Sess. 10-11, reprinted in 1980 USCCAN 4989.  The burden of establishing that its position was reasonable either in law or in fact therefore is on the government.  *Tyler Business Services, Inc., v. NLRB*, 695 F.2d 73, 75 (4th Cir. 1982).  This reasonable basis is the same degree of proof necessary to satisfy a reasonable person.  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

      In this case, as the Court previously determined in its Decision and Order dated August 15, 2022 (ECF No. 15), the ALJ committed several errors in violation of the applicable regulations and SSA rulings by relying upon stale medical opinions and his lay opinion in his RFC determination.  Because the ALJ's RFC determination was not based on substantial evidence, the Court concludes that the Commissioner's denial of Plaintiff's claim was not "substantially justified."  28 U.S.C. § 2412(d)(1)(A); *Padula v. Colvin*, 602 F. App'x 25, 28 (2d Cir. 2015) (summary order); *Tiffany L. v. Comm'r of Soc. Sec.*, No. 1:19-CV-1137 (CJS), 2021 WL 2470313, at *3 (W.D.N.Y. June 17, 2021) (concluding that Commissioner's position was not "substantially justified" because the ALJ's decision was not supported by substantial evidence).

If the Court finds that the position of the United States was not substantially justified, and that there were no special circumstances to make an award unjust, then "[t]he Court must determine if the hours expended and the rates charged are reasonable, and the fee applicant has the burden to establish the reasonableness of both." *Hogan v. Astrue*, 539 F. Supp.2d 680, 682 (W.D.N.Y. 2008) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Alnutt v. Cleary*, 27 F. Supp.2d 395, 399 (W.D.N.Y. 1998)).

In this Circuit, courts measure the reasonableness of fees using the lodestar approach, in which "'the number of hours reasonably expended on the litigation [are] multiplied by a reasonable hourly rate.'" *Id*. at 682 (quoting *Hensley*, 461 U.S. at 433). The Court must also examine the circumstances surrounding the case, including whether it presents novel or complicated issues of law, or particularly complex facts. *James v. Colvin*, 66 F. Supp.3d 365, 367 (W.D.N.Y. 2014) (citing *Scott v. Astrue*, 474 F. Supp.2d 465, 466 (W.D.N.Y. 2007)). "Generally, district courts in this Circuit have held that a routine social security case requires from twenty to forty hours of attorney time." *Id*. (citation omitted); *see also Padula*, 602 F. App'x at 28 (stating that 81.8 hours amounts to over double the amount of hours awarded for routine social security cases) (summary order).

The Court has reviewed the administrative record in this case, as well as the legal arguments both parties advanced in support of their respective motions for judgment on the pleadings and concludes that the present case is routine. Further, the Court has reviewed the affirmations that describe the amount of time expended on the matter that Plaintiff's attorneys submitted in support of Plaintiff's motion for fees and finds that the time billed for this matter (40.5 hours) is in line with attorney billing for such routine cases. *See James*, 66 F. Supp.3d at 367. The proposed hourly rates proffered by Plaintiff's attorneys ($237.86 per hour for services

3

rendered in 2022; $217.54 for services rendered in 2021; $207.66 for services rendered in 2020) articulated in Plaintiff's attorneys' affirmations are likewise reasonable. *See Gomez-Beleno v. Holder*, 644 F.3d 139, 146-47 (2d Cir. 2011); *Bawari v. Mukasey*, 282 F. App'x 896, 898-99 (2d Cir. 2008) (summary order). Consequently, the Court finds that an award of $7,108.74 is reasonable. In addition to the award of reasonable attorney's fees, Plaintiff's costs of filing the present action ($400.00) are likewise reimbursed.

For the foregoing reasons, the Court accordingly concludes that the requested fee award is reasonable.

## CONCLUSION

Plaintiff's motion for attorney's fees under 28 U.S.C. § 2412(d)(1)(A) (ECF No. 16-1) is GRANTED and Plaintiff is awarded $7,108.74 in EAJA fees to be awarded to Plaintiff's attorney, if Plaintiff herself does not owe a debt subject to offset under the Treasury Offset Program. In addition, Plaintiff shall be reimbursed in the amount of $400.00 in connection with costs of commencing this action. The Court directs the Commissioner to release those funds.

IT IS SO ORDERED.

Dated: December 20, 2022
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York